UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH L. JONES

VERSUS

LOUISIANA PUBLIC SERVICE COMMISSION,
ET AL.

CIVIL ACTION

NO. 10-525-JJB

RULING

This matter is before the Court on motions to dismiss filed by defendants Louisiana Department of Environmental Quality (LDEQ) (doc. 42) and Louisiana Public Service Commission (LPSC) (doc. 43). Plaintiff has filed an opposition (doc. 54) and a request for the Court to reconsider its decision to grant dismissal to the Louisiana Department of Health and Hospitals (LDHH) (doc. 41)[1]. There is no need for oral argument.

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing the complaint, courts accept all well-pleaded facts in the complaint as true. *C.C. Port, ltd., v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Courts do not, however, accept as true all legal conclusions. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Instead, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a plaintiff must provide sufficient factual content for the court to reasonably infer that the plaintiff

---

[1] Although two distinct motions, plaintiff argues them simultaneously throughout his motion.

is entitled to relief based upon the context of the case and the court's "judicial experience and common sense." *Id.* at 1949-50. Courts, therefore, must first identify the conclusory allegations, which do not receive a presumption of truth, and then determine whether the remaining factual allegations plausibly give rise to an entitlement of relief. *Id.* at 1950.

Upon consideration of the legal arguments raised by defendants' motions to dismiss and considering the allegations stated in plaintiff's complaint (doc. 1) and in plaintiff's more definite statement (doc. 26), the Court finds that plaintiff Jones has failed to state a claim against either LDEQ or LPSC upon which relief can be granted. Putting aside the conclusory allegations, which are not entitled to a presumption of truth, and focusing on the factual allegations in the complaint and amended statement, plaintiff Jones does not allege sufficient facts entitling him to relief against either entity. The Court pretermits the issues raised by the defendants regarding Eleventh Amendment sovereign immunity and subject matter jurisdiction. Further, the Court finds no reason to reconsider its Ruling dismissing Louisiana Department of Health and Hospitals (doc. 41).

As previously held in dismissing LDHH, the Court finds that any further amended complaint or "supplemental more definite statement" by plaintiff against LPSC and LDEQ would be futile.

Defendants' Louisiana Department of Environmental Quality and Louisiana Public Service Commission motions to dismiss (docs. 42, 43) are GRANTED and

2

plaintiff's claims against these two parties are hereby DISMISSED. Plaintiff's motion to reconsider the dismissal of the Louisiana Department of Health and Hospitals (doc. 54) is DENIED.

Signed in Baton Rouge, Louisiana, on September 22, 2011.

                    **JUDGE JAMES J. BRADY**
                    **UNITED STATES DISTRICT COURT**
                    **MIDDLE DISTRICT OF LOUISIANA**