UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH L. JONES

VERSUS

LOUISIANA PUBLIC SERVICE COMMISSION,
ET AL.

CIVIL ACTION

NO. 10-525-JJB-CN

**RULING ON DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on a motion to dismiss filed by Defendants United States Department of Agriculture ("USDA") and its secretary, Thomas Vilsack (collectively, "Federal Defendants"). (Doc. 57). Plaintiff did not file his opposition by the court ordered deadline. Two weeks after the deadline, Plaintiff filed a Motion to Continue. (Doc. 59). The Magistrate Judge denied the motion. (Doc. 61). After reviewing the motion to continue, the Court finds none of the reasons for the request are material to the issues at hand. Further, the Court finds there is no connexity between the allegations involving the USDA and the enforcement actions by the state agencies. Therefore, the Magistrate Judge was correct to deny the motion. Therefore, the Federal Defendants' motion to dismiss will be considered without opposition. For the following reasons, the motion is GRANTED.

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing the complaint, courts accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. v. Davis-*

*Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Courts do not, however, accept as true all legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a plaintiff must provide sufficient factual content for the court to reasonably infer that the plaintiff is entitled to relief based upon the context of the case and the court's "judicial experience and common sense." *Id.* at 1949-50. Courts, therefore, must first identify the conclusory allegations, which do not receive a presumption of truth, and then determine whether the remaining factual allegations plausibly give rise to an entitlement of relief. *Id.* at 1950.

After reviewing the allegations in the Complaint (doc. 1) and Plaintiff's More Definite Statement (doc. 55), the Court finds Plaintiff has failed to state a claim against the Federal Defendants upon which relief can be granted. Plaintiff simply makes broad conclusory allegations that the USDA violated the Federal Housing Act ("FHA") and engaged in racial and religious discrimination. He pleads no facts that flesh out either claim. The clearest factual allegations are that the USDA led Plaintiff to believe grant and/or loan money would be forthcoming in the 2005 federal budget. This money never arrived. The USDA has not adjudicated Plaintiff's complaint. Therefore, to the extent he seeks to appeal an agency decision, it is premature. To the extent he makes general allegations against the Federal Defendants, there are not enough factual

2

allegations presented to plausibly give rise to an entitlement of relief. Therefore, the Federal Defendants are dismissed from this action.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (doc. 57) is GRANTED and the Federal Defendants are dismissed.

Signed in Baton Rouge, Louisiana, on January 31, 2012.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**